IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| **JAMES ARCHER, #83701** | § | |
| | § | |
| VS. | § | **CIVIL ACTION NO. 4:25cv619** |
| | § | |
| **GRAYSON COUNTY HEALTH** | § | |
| **DEPARTMENT, ET AL.** | § | |

**MEMORANDUM OPINION AND ORDER**

*Pro se* Plaintiff James Archer filed a handwritten civil rights action pursuant to 42 U.S.C. § 1983. The action was assigned to the undersigned in accordance with the Standing Order Assigning Prisoner Civil Rights Cases Filed in the Sherman Division to a Magistrate Judge. (Dkt. #2). Plaintiff consented to have a magistrate judge conduct any and all proceedings in this case. (Dkt. #4).

On June 16, 2025, the court ordered Plaintiff, within thirty days, to complete the standard civil rights form and submit it to the court and to either pay the $405.00 filing fee or submit an application to proceed *in forma pauperis*, along with a certified *in forma pauperis* data sheet reporting his trust fund activities for the last six months. (Dkt. #3). As of this date, Plaintiff has failed to comply with any portion of the Order; thus, he has failed to prosecute his case.

The exercise of the power to dismiss for failure to prosecute is committed to the sound discretion of the court; appellate review is only for abuse of that discretion. *Green v. Forney Eng'g Co.*, 589 F.2d 243, 247 (5th Cir. 1979); *Lopez v. Aransas Cnty. ISD*, 570 F.2d 541, 544 (5th Cir. 1978). Not only may a district court dismiss for want of prosecution upon motion of a defendant, but it may also dismiss an action sua sponte when necessary to achieve the orderly and expeditious disposition of a case. *Anthony v. Marion Cnty. Gen. Hosp.*, 617 F.2d 1164, 1167 (5th Cir. 1980). A district court may dismiss an action for failure of a litigant to prosecute or to comply with a court

order. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988); Fed. R. Civ. P. 41(b). In this case, Plaintiff has failed to comply with the court's Order. Therefore, the case will be dismissed for failure to prosecute. Fed. R. Civ. P. 41(b).

## CONCLUSION AND ORDER

It is accordingly **ORDERED** that the case is **DISMISSED** without prejudice. Fed. R. Civ. P. 41(b).

**SIGNED this 29th day of July, 2025.**

AILEEN GOLDMAN DURRETT
UNITED STATES MAGISTRATE JUDGE